UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Priority ✓
Send ✓
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV05-1314-AHM (CWx) | Date | July 10, 2006 |
| Title | THOMAS TURINO, et al. v. ISLAND DEF JAM MUSIC GROUP, et al. | | |

DOCKETED ON CM
JUL 13 2006
BY _____ 077

Present: The Honorable   A. HOWARD MATZ, U.S. DISTRICT JUDGE

| Stephen Montes | Leslie A. King | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:

Richard Busch
Paul H. Duvall

Attorneys Present for Defendants:

Louis P. Petrich
Seth A. Miller
Edwin F. McPherson
Tracy B. Rane
Matthew E. Hess

**Proceedings:**   FINAL PRETRIAL CONFERENCE;

PLAINTIFFS' MOTION *IN LIMINE*:
(1) to Exclude Testimony of Lawrence Ferrara and to Exclude Admission of, Reference to, or Testimony of Ferrara's Opinions and/or Expert Report
(2) Regarding Defendants' Deductions From Profits
(3) to Exclude or Limit Testimony of Helen Yu, Gary Haber, Stacy Fass, and Tamia Moses-Schannell
(4) to Exclude Testimony of any Witnesses Not Disclosed Pursuant to Fed.R.Civ.P. 26(a)(1)
(5) Regarding "La Sirena" as a Single Copyrighted Work
(6) to Limit Trial Testimony of Defendants Island Def Jam Music Group and Universal Music & Video Distribution [Filed 4/24/06]
(7) to Limit Trial Testimony of Jeff Fenster and Jeff Kempler
(8) Regarding Factors Attributable to Defendants' Profits
(9) Pursuant to Fed.R.Civ.P. 37(c)(1) to Exclude the Use of Discovery Materials Which Should Have Been Produced But Were Not Produced During Discovery
(10) to Exclude Testimony and Evidence Suggesting That Plaintiffs Do Not Own the Sound Recording and Musical Composition Copyrights to "La Sirena"

DEFENDANTS ISLAND DEF JAM MUSIC GROUP AND UNIVERSAL MUSIC & VIDEO DISTRIBUTION CORP.'S MOTION *IN LIMINE*:
(1) for Order Precluding the Introduction of Evidence of Plaintiffs' Purported Actual Damages Arising From Overseas Conduct
(2) for Order Precluding the Introduction of Evidence Regarding the Size or Financial Wherewithal of IDJ and UMVD
(3) for Order Precluding the Introduction of Evidence of Plaintiffs' Alleged Emotional Distress, Hurt Feelings or Reputational Harm
(4) for Order Precluding Evidence Regarding Any Other Claims or Litigations Against IDJ or UMVD, or Any Other Instances of Alleged Unauthorized "Sampling" by Said Defendants
(5) Defts IDJ and UMVD'S Motion in Limine to Preclude the Purported Expert Testimony of Dr. Michael A. Einhorn (filed U/S 6/20/06)

DEFENDANT CHRISTINE FLORES p/k/a CHRISTINA MILIAN'S MOTIONS *IN LIMINE*:
(1) to Preclude Any Evidence That Advances and Debt Forgiveness Are Attributable to Alleged Infringement
(2) to Exclude Any Evidence re: Willful Infringement
(3) to Preclude Any Evidence that Millian wrote the musical composition "Dip It Low"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   CV05-1314-AHM (CWx)                                    Date   July 10, 2006

Title   THOMAS TURINO, et al. v. ISLAND DEF JAM MUSIC GROUP, et al.

Cause called; appearances made.

Pretrial Conference held. Court issues tentative ruling and hears oral argument. Court rules as follows:

PLAINTIFFS' MOTIONS *IN LIMINE*:
(1) to Exclude Testimony of Lawrence Ferrara and to Exclude Admission of, Reference to, or Testimony of Ferrara's Opinions and/or Expert Report - conditionally DENIED;
(2) Regarding Defendants' Deductions From Profits - DENIED;
(3) to Exclude or Limit Testimony of Helen Yu, Gary Haber, Stacy Fass, and Tamia Moses-Schannell - DENIED;
(4) to Exclude Testimony of any Witnesses Not Disclosed Pursuant to Fed.R.Civ.P. 26(a)(1) - DENIED;
(5) Regarding "La Sirena" as a Single Copyrighted Work - GRANTED;
(6) to Limit Trial Testimony of Defendants Island Def Jam Music Group and Universal Music & Video Distribution - DENIED;
(7) to Limit Trial Testimony of Jeff Fenster and Jeff Kempler; DENIED;
(8) Regarding Factors Attributable to Defendants' Profits - GRANTED;
(9) Pursuant to Fed.R.Civ.P. 37(c)(1) to Exclude the Use of Discovery Materials Which Should Have Been Produced But Were Not Produced During Discovery - GRANTED; and
(10) to Exclude Testimony and Evidence Suggesting That Plaintiffs Do Not Own the Sound Recording and Musical Composition Copyrights to "La Sirena" - DENIED.

DEFENDANTS ISLAND DEF JAM MUSIC GROUP AND UNIVERSAL MUSIC & VIDEO DISTRIBUTION CORP.'S MOTIONS *IN LIMINE*:
(1) for Order Precluding the Introduction of Evidence of Plaintiffs' Purported Actual Damages Arising From Overseas Conduct - GRANTED IN PART and DENIED IN PART;
(2) for Order Precluding the Introduction of Evidence Regarding the Size or Financial Wherewithal of IDJ and UMVD - GRANTED;
(3) for Order Precluding the Introduction of Evidence of Plaintiffs' Alleged Emotional Distress, Hurt Feelings or Reputational Harm - GRANTED;
(4) for Order Precluding Evidence Regarding Any Other Claims or Litigations Against IDJ or UMVD, or Any Other Instances of Alleged Unauthorized "Sampling" by Said Defendants - GRANTED; and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV05-1314-AHM (CWx) | Date | July 10, 2006 |
| Title | THOMAS TURINO, et al. v. ISLAND DEF JAM MUSIC GROUP, et al. | | |

(5) Defts IDJ and UMVD'S Motion in Limine to Preclude the PurpForted Expert Testimony of Dr. Michael A. Einhorn - DENIED.

DEFENDANT CHRISTINE FLORES p/k/a CHRISTINA MILIAN'S MOTIONS *IN LIMINE:*
(1) to Preclude Any Evidence That Advances and Debt Forgiveness Are Attributable to Alleged Infringement - UNDER SUBMISSION (deferred ruling);
(2) to Exclude Any Evidence re: Willful Infringement - UNDER SUBMISSION (deferred ruling); and
(3) to Preclude Any Evidence that Millian wrote the musical composition "Dip It Low" - UNDER SUBMISSION (deferred ruling).

Parties ordered to obtain a transcript of this hearing and then submit a stipulation and order re: rulings.

Court advised that plaintiffs and defendant Christine Flores p/k/a Christina Milian have reached a tentative settlement.

Court modifies the trial estimate to 8 days with each side allotted 14 hours for their case-in-chief.

Court orders the parties to submit another stipulation and order regarding Court Exhibit A - Glossary and Court Exhibit B - Chronology. The Court also encourages the parties to stipulate as to the exact accounting principles used in this action. In addition, all exhibits without objection are to be deemed preadmitted.

By not later than Friday, July 14, 2006, the parties are to file their respective position papers regarding a single jury trial or jury trial and a civil trial on damages.

The Court will notify the parties by not later than July 21, 2006 whether the eight-day jury trial will go forward as scheduled on July 25, 2006 or if another trial date has to be selected.

                               :  05
Initials of Preparer    SMMD